## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| MARILYN POINTER, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-cv-927-CLS |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Marilyn Pointer, commenced this action on June 3, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinions of her treating

physician, improperly evaluated her credibility, and failed to apply Grid Rule 201.14. Upon review of the record, the court concludes that claimant's first contention has merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (alterations supplied). Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(d).

Social Security regulations also provide that, when considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(c). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to

which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Sabrina Morgan-Graves, claimant's primary care physician, completed a "Social Security Disability Questionnaire" on August 28, 2012. She stated that she had treated claimant since February 22, 2011. Dr. Morgan-Graves checked a box indicating that claimant was disabled according to the definition provided on the form, which was:

> To be eligible for Social Security disability, a person must be unable to perform any substantial gainful work due to a medical condition which has lasted or can be expected to last for a continuous period of at least twelve months. The impairment must be so severe as to prevent the person from working not only in his or her usual occupation, but in any other substantial gainful work considering age, education, training and work experience.[1]

According to Dr. Morgan-Graves, claimant became disabled in approximately August of 2011 because of her "severe lower back pain with numbness, tingling in legs, ataxia, [and] weakness," and the disability would last for the rest of claimant's life.[2] Claimant had been prescribed Lortab and Lyrica, which caused the side effects of drowsiness, dizziness, and confusion. Dr. Morgan-Graves stated that, as a result of claimant's lower back pain, she would be "unable to squat, kneel to do work, stand [for] prolonged periods, sit for prolonged periods, or walk unlimited distances."[3] She also stated that claimant

---

[1] Tr. 584.

[2] *Id.* (alteration supplied).

[3] Tr. 585 (alteration supplied).

was at a high risk for falls because of her lower back pain and medications.[4]

Dr. Morgan-Graves also completed a Physical Capacities Form on September 23, 2013. She indicated that claimant could sit for three to four hours at a time, stand for thirty minutes at a time, and walk for thirty minutes at a time. Claimant would need to lie down, sleep, or sit with her legs propped up for six hours out of an eight-hour day. She could perform a task for thirty minutes without needing rest or a break, and she could maintain attention and concentration for three to four hours. Dr. Morgan-Graves indicated that all of claimant's limitations existed back to March 30, 2008, the alleged onset date, and that claimant's condition would last twelve or more months.[5]

The ALJ afforded "significant weight" to the August 28, 2012 questionnaire because Dr. Morgan-Graves was a treating physician, but she did not give it controlling weight "because it is inconsistent with other substantial evidence, including the claimant's report of March 1, 2012."[6] The ALJ afforded little weight to Dr. Morgan-Graves's legal conclusion of disability, "because it is on an issue that is reserved to the Commissioner of Social Security."[7] The ALJ also afforded little weight to the Physical Capacities Form completed by Dr. Morgan-Graves "because the additional limitations she listed are not supported by her own treating records, and her statement that these

---

[4] *Id.*

[5] Tr. 868.

[6] Tr. 78.

[7] *Id.*

limitations existed back to March 30, 2008 is inconsistent with her opinion of August 28, 2012.[8]

Although the ALJ was not required to accept Dr. Morgan-Graves's conclusion that claimant was disabled, he was required to provide an adequate explanation, supported by the record, of his reasons for failing to accept the functional limitations assessed by Dr. Morgan-Graves.   The court finds that the ALJ did not satisfy that requirement.   The reason the ALJ provided for not giving Dr. Morgan-Graves's assessment controlling weight was that the assessment was inconsistent with claimant's March 1, 2012 self-report.   But that report was a questionnaire from the Disability Determination Service concerning claimant's difficulties in using *her hands*.[9]   It had nothing to do with claimant's *lower back pain*, which was the reason Dr. Morgan-Graves stated for claimant's disability on August 28, 2012.   Because of the disconnect between the ALJ's decision and the administrative record, this court cannot find that the ALJ's decision was supported by substantial evidence.   Remand is warranted for the ALJ to give further

---

[8] Tr. 79.

[9] Claimant indicated that she did not have any problems with dressing herself, shaving, and feeding herself, but she usually has someone else do her hair because of discomfort and tingling in her hands.  Claimant reported preparing only simple meals using small pots and pans and exercising special care when her hands felt numb and tingly.  She performed light housework duties on good days and wore her hand braces at night to help with carpal tunnel symptoms.  Claimant did not experience any difficulty with driving.  She did experience difficulty writing with a pen or pencil and typing on a keyboard, because her hands would tend to swell and stiffen up with prolonged performance of those activities.  Claimant sometimes experienced difficulty grasping or turning a door knob.  Claimant reported reading and watching television during her spare time.  She also stated: "If I do anything for long stretches of time whether doing my hair, writing or typing causes pain and swelling of my hands. [*sic*]  The pain from prolonged activity gets worse at night time."  Tr. 284-86.

consideration to Dr. Morgan-Graves's opinion, and to more fully articulate the reasons for his decision not to give that opinion controlling weight.

The decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

The Clerk of Court is directed to close this file.

DONE this 21st day of April, 2016.

_____
United States District Judge